UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

       Plaintiff,

v.                                                  Case No. 09-C-1130

LAKE CITY INDUSTRIES, INC., d/b/a KLEECO,

       Defendant.

**ORDER REGARDING PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, RESPONSIVE PLEADINGS AND OUTSTANDING DISCOVERY**

**BASED** upon the Stipulation of the parties, and the Court being otherwise advised in the premises, **IT IS HEREBY ORDERED**, as follows:

1. Lake City Industries, Inc. ("LCI") is permanently enjoined from using the name "Marine Travelift" and/or the word "Travelift" in describing, advertising, or otherwise promoting its goods and services, except that LCI may utilize these terms solely in the context of fair use in describing or otherwise listing Marine Travelift, Inc. ("MTI") as a competitor of LCI in the marine and industrial equipment industry.

2. LCI is preliminarily enjoined during the pendency of this Action, until such time as a final judgment is entered, from using the following words or phrases: "marine travel lift," "travel lift marine," and "travel lift" in describing, advertising, or otherwise promoting its goods and services.

3. The foregoing restrictions on name and word utilization shall not be circumvented through the creative use of hyphens, capitalization, or other linguistic devices.

4. The foregoing restrictions on name and word utilization shall include LCI's webpage and all associated metatags, metadata, and re-indexing protocols.

5. Nothing in this Order should be construed or interpreted to be an admission or finding of wrongdoing on the part of LCI inasmuch as this Order is entered based upon the Stipulation of the parties and the Court has made on findings except as they relate to the issuance of the TRO.

6. MTI reserves the right to seek additional remedies by way of motion for further injunctive relief should MTI deem it advisable.

7. LCI shall have an open extension to answer or otherwise plead to the Complaint on file herein, provided that LCI will file an answer or other responsive pleading within fifteen (15) days after written notice is sent from MTI's counsel to LCI's counsel, which notice shall also be filed with the Court.

8. MTI served LCI with its First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") on December 28, 2009. LCI shall have an open extension to provide answers to the Discovery Requests, provided that LCI will serve its answers within thirty (30) days after written notice is sent from MTI's counsel to LCI's counsel, which notice shall also be filed with the Court.

9. The $10,000 bond posted by MTI relative to the issuance of the TRO shall be discharged and returned to MTL.

10. The Preliminary Injunction Hearing set on the Court's calendar for December 30, 2009 is hereby removed.

11. The parties shall furnish the Court with a joint status report by March 30, 2010.

Dated this   30th   day of December, 2009.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge